## Case No. 7,479.

### JONES v. McMURRAY.

[3 Ban. & A. 130; 2 Hughes, 527; 13 O. G. 6; Merw. Pat. Inv. 156.] [1]

Circuit Court, D. Maryland. Oct. 31, 1877.

Benjamin F. Butler, Archibald Stirling, Jr., David Fowler, and T. C. Mattocks, for complainant.

E. R. Dickerson, Charles C. Beaman, I. Nevitt Steele, Sr., and J. H. Howard, for respondent.

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and by Hon. Robert W. Hughes, District Judge, and here compiled and reprinted by permission. The syllabus and opinion are from 3 Ban. & A. 130, and the statement is from 2 Hughes, 527.]

Before BOND, Circuit Judge, and GILES, District Judge.

BOND, Circuit Judge. As this cause involves large pecuniary interests, and is also of much importance to the public at large, the court has very carefully read and considered the whole testimony, which was so voluminous that counsel could only refer to it in their arguments, or but partially read it. This bill is preferred by complainant to establish the validity of four letters patent relating to inventions for the canning and preservation of green corn. The first patent. No. 34,928, dated April 8th, 1862, and its reissue, No. 7067, dated April 18th, 1876, cover the invented product, while the second patent. No. 35,274, dated May 13th, 1862, and its reissue, No. 7061, dated April 18th, 1876, relate to the process of making the product.

The supreme court of the United States, in the case of Sewall v. Jones, 91 U. S. 171, determined that the original patents above named were void for want of novelty, and this court is saved the labor of investigating their validity. But the complainant here claims that though the original patents were declared invalid by the supreme court, he is entitled to the relief he asks, because he has surrendered patents Nos. 34,928 and 35,274, and the commissioner of patents has reissued the same to him because the originals were invalid merely "by reason of a defective or insufficient specification" under section 4916, Rev. St. U. S. He, therefore, so far as this part of his case is concerned, relies upon the reissued patents, Nos. 7061 and 7067, which relate to both the process of canning and to the product of the canning process.

While we are of the opinion that the decision of the supreme court in Sewall v. Jones is much broader that the complainant admits, and that it goes to the whole invention there and now claimed by Jones in the patents we are here considering, and that it determined that both the process and product now claimed by Jones was the invention of Appert, in France, and Durand, in England, more than sixty years ago, and held that Jones' patents were void for want of novelty, and not merely invalid for want of a proper specification and description of Jones' claim, nevertheless, since the commissioner of patents has reissued the patents to Jones, we would give him the benefit of them could we discover in what respect they differed essentially or substantially from the originals, which the supreme court has decided were not novel. There is no essential difference, however, between the process described in patent 35,274 and its reissue, No. 7061. The first recites that after some difficulty found in preserving the green corn without drying, the inventor removed the corn from the cob and boiled it, but that this process, the corn being broken by removal from the cob, dissolved the juices and made the corn insipid, and that, finally, he removed the corn from the cob, packed the kernels in cans, hermetically sealing them, and boiled them until the corn was cooked. The supreme court, in Jones and Sewall, say this is not new.

In his reissued patent the complainant states that he takes tender green corn and scrapes it from the cob so as not to detach the inner ends of the kernel, which, with the juices and softer parts of the corn, he cooks together and then proceeds with the old process of Appert for cooking and sealing. He claims as his invention the process described of separating and obtaining the nutritious and edible parts of the corn and boiling them in a liquid composed wholly or mainly of their own juices.

No one ever cut green corn from a cob who did not accomplish exactly what this claim describes, and no one under the process described in patent 35,274, which required the corn to be removed from the cob, could so remove it without breaking the kernels, and when he proceeded to cook it in a can, as the patent required, he would find necessarily more or less of the juices with it. The reissue does not claim that the juices only should be used in the cooking.

The process described in the reissue is substantially that of the original patent. But if we admit there is something new and patentable in the reissued patent which was not in the original, the patent is void, because it is not for the same invention as the original. It may be the subject of a new patent, but cannot be a reissue of an old one, and that, too, of an old one which has been adjudged invalid by the supreme court for the want of novelty. But the fact is that Jones, as far back as May, 1862, had applied for and obtained a patent. No. 35,346, which described the cutting off the corn from the cob in very much the same words as he does in the reissued patent, 7061. This patent, No. 35,346, Judge Clifford held, and rightly, to be substantially the same with No. 35,274, now under consideration. It cannot, therefore, be claimed that the reissued patent contains anything which the original one did not, and the original, says the supreme court, is void for the want of novelty.

The two remaining patents which the bill alleges the defendants have infringed are Nos. 51,379 and 54,170, which describe a curved knife for the removal of the corn from the cob. We are of the opinion that these two patents are also void for the want of novelty. The knife described in the first patent is simply a curved knife provided with a gauge for the purpose of removing corn from a cob. The second patent makes the gauge adjustable. This, we think, the defendant has shown to be old. The knife differs nothing in principle and little in construction from the knife known as the "spokeshave," or from the repairing knife of Adam Oot. (Defendant's Record, 606.)

But even if we admit the validity of these patents we have looked in vain for any

proof that the defendant has infringed them by using complainant's knife. On the contrary, the complainant's proof (Record, 25, 42) shows that the defendant used a different knife entirely.

For these reasons, and without considering other, and, as we think, equally fatal objections to the complainant's case, we think the complainant's bill should be dismissed with costs, and will sign a decree to that effect.

[The following is the decree: "This cause having been submitted for final hearing, and the counsel for the respective parties having been heard, and the bill, answer, exhibits, and evidence having been read and considered, it is this 31st day of October, 1877, adjudged, ordered, and decreed that the bill of complaint filed in this cause be and the same is hereby dismissed, with costs to the defendant."] 4